FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN R. JACKSON, SR., <br><br> Petitioner, <br><br> v. <br><br> NATHAN UNLORN (JAIL COMMANDER ASOTIN COUNTY JAIL), <br><br> Respondent. | NO: 2:24-CV-0350-TOR <br><br> ORDER DENYING MOTIONS |

By Order filed November 6, 2024, the Court advised Petitioner, a pre-trial detainee at the Asotin County Jail, of the deficiencies of his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and directed him to amend by January 8, 2025. ECF No. 10. Specifically, the Court noted Petitioner had failed to demonstrate that federal intervention in his state criminal proceedings would be appropriate under *Younger v Harris*, 401 U.S. 37, 45 (1971). *See* ECF No. 10 at 4–6.

ORDER DENYING MOTIONS -- 1

Petitioner was granted leave to proceed *in forma pauperis. Id.* at 9. The Court did not direct that the petition be served on Respondent, yet on November 5, 2024, Attorney Michael E McFarland, Jr., filed a Notice of Appearance. ECF No. 9. Attorney McFarland then filed a Motion to Withdraw, and the Court granted his Motion on November 13, 2024, terminating Attorney McFarland from this matter. *See* ECF Nos. 12 and 17.

On November 12, 2024, Petitioner filed an "'Emergency' Motion to Release Petitioner from Confinement (Jail) Custody-Under Own Recognize-Order of Release," ECF No. 14; an "'Emergency Motion and Order to Stay Proceedings," ECF No. 15; and "Supplemental Case Law and Violation of Due Process Amended Grounds," ECF No. 16. On November 14, 2024, Petitioner filed a "Motion to Reconsider," ECF No 18, asking the Court to reconsider the dismissal of his Motions to "Summary (Summarize) Judgment," ECF No. 7, and to "Expedite Proceedings and Petition," ECF No. 8. The next day, Petitioner filed another "Motion to Reconsider," asking the Court to "reconsider and grant" his "MOTION TO AMEND – Habeas Corpus to include TORT CLAIM for (Constitutional Violation(s) Brady Violation(s) and DAMAGES against the Defendant(s)." ECF No. 19 (as written in original).

On November 25, 2024, Petitioner filed a Motion and Order to Sanction/Dismissal of All Charges "Emergency," in which he notified the Court that

ORDER DENYING MOTIONS -- 2

he was convicted in state court on November 21, 2024, of five counts of burglary and one count of criminal trespass. ECF No. 20 at 1–2. He also filed a First Amended Petition, ECF No. 21. On December 5, 2024, Petitioner filed an unsigned supplemental document, ECF No. 22. Petitioner's Motions were considered without oral argument on the date signed below.

Where a final judgment has not been entered, the Court has discretion to reconsider under Rule 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Additionally, the Court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Id.* While both Rule 54(b) and the common law provide distinct authority under which a court may reconsider its rulings, the analysis under both appears to be the same. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003).

Here, a final judgment has not been entered; thus, Rule 54(b) or the common law is the applicable authority. As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Nonetheless, whether to

grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Here, Petitioner fails to show that the Court erred in its prior rulings concerning his Motions. Therefore, the Motions to Reconsider, ECF No. 18 and 19, are denied.

Petitioner seeks his release on his own recognizance pending resolution of this habeas corpus proceeding. ECF No. 14. He also asks this Court to "stay (all) proceedings in the Asotin County Superior Court Case: No: 23-1-00078-02." ECF No. 15 at 1. In addition, he asks this Court to dismiss all of his state court criminal charges. ECF No. 20. Petitioner should be mindful that the filing of a federal habeas corpus action alone does not preclude the continuation of ongoing state criminal proceedings.

For the reasons set forth in the Court's Order directing Petitioner to amend and denying his prior Motions, ECF No. 10, Petitioner's present Motions, ECF Nos. 14, 15, and 20, are denied. Any constitutional challenges, including due process, speedy trial, and excessive bail claims, can be adequately litigated in the Asotin County Superior Court, through the state appellate system, and then, if necessary, through subsequent state and federal habeas corpus proceedings.

Accordingly, **IT IS ORDERED:**

(1) Petitioner's "'Emergency' Motion to Release Petitioner from

ORDER DENYING MOTIONS -- 4

Confinement (Jail) Custody-Under Own Recognize-Order of Release," **ECF No. 14**, is **DENIED.**

(2) Petitioner's "'Emergency Motion and Order to Stay Proceedings," **ECF No. 15**, is **DENIED.**

(3) Petitioner's Motion to Reconsider**, ECF No. 18, is DENIED.**

(4) Petitioner's Motion to Reconsider**, ECF No. 19, is DENIED.**

(5) Petitioner's Motion and Order to Sanction/Dismissal of All Charges "Emergency," **ECF No. 20, is DENIED.**

The Clerk of Court is directed to enter this Order and provide a copy to Petitioner.

**DATED** December 13, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTIONS -- 5