FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN R. JACKSON, SR., <br><br>　　　　　　Petitioner, <br><br>　v. <br><br>NATHAN UHLORN (JAIL COMMANDER ASOTIN COUNTY JAIL), <br><br>　　　　　　Respondent. | NO: 2:24-CV-0350-TOR <br><br> ORDER DISMISSING ACTION |

BEFORE THE COURT are Petitioner's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a signed supplement, ECF Nos. 21 and 24. Petitioner initiated this action while a pre-trial detainee housed at the Asotin County Jail. ECF No. 1. On December 26, 2024, Petitioner filed a Notice of Interlocutory Appeal of this Court's prior rulings. *See* ECF No. 25.

On November 21, 2024, Petitioner was convicted of five counts of second-degree burglary and one count of second-degree criminal trespass. ECF No. 21 at

ORDER DISMISSING ACTION -- 1

1–2. He is proceeding *pro se* and *in forma pauperis*. ECF No. 9. The Court has not directed that Respondent be served in this action.

As a general rule, an amended pleading supersedes the original pleading and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, State of Washington - Asotin County, named as the Respondent in the initial Petition, has been terminated from this action. Respondent Nathan Uhlorn, identified by Petitioner as his current custodian, has been added. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner); *see also Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (If the petitioner is incarcerated, the proper respondent is generally the warden of the institution where the petitioner is incarcerated.).

Having liberally construed Petitioner's First Amended Petition and supplemental documents in the light most favorable to him, the Court finds that Petitioner's submissions fail to cure the deficiencies of the initial petition and do not warrant federal intervention in his state criminal proceedings. *See Younger v Harris*, 401 U.S. 37, 45 (1971).

Furthermore, because Petitioner is a convicted state prisoner and is in custody pursuant to a judgment of a state court, 28 U.S.C. § 2254 is now the exclusive avenue for him to challenge the constitutionality of his detention. *See White v. Lambert*,

370 F.3d 1002, 1007 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).

Because it plainly appears from the documents presented that Petitioner could not have fully exhausted his state court remedies as to each ground for federal habeas corpus relief asserted, this action will be dismissed. *See Peterson v. Lampert,* 319 F.3d 1153, 1156 (9th Cir. 2003); *Vang v. Nevada,* 329 F.3d 1069, 1075 (9th Cir. 2003). Petitioner has presented no basis for this Court's intervention in pending state court proceedings. *See Perez v. Ledesma,* 401 U.S. 82, 85 (1971). Therefore, for the reasons set forth above and in the Order Directing Petitioner to Amend, ECF No. 10, this habeas action is dismissed.

**ACCORDINGLY, IT IS ORDERED:**

(1) The First Amended Petition, ECF No. 21, is **DISMISSED WITHOUT PREJUDICE** based on *Younger* abstention and for failure to exhaust available state court remedies.

(2) The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

ORDER DISMISSING ACTION -- 3

The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner and to the Ninth Circuit Court of Appeals, and **CLOSE** the file.

**DATED** January 9, 2025.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING ACTION -- 4